UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   For Online Publication Only
RONNIE TURNER,

                Petitioner,

      -against-    **ORDER**
                24-CV-2038 (JMA)

D.A. SHARON WILSON, *et al.*,

                Respondents.
----------------------------------------------------------------X

FILED
CLERK
11:12 am, Apr 04, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

*Pro se* petitioner Ronnie Turner ("Petitioner"), filed a Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 against D.A. Sharon Wilson, A.D.A. Richard Bland, and A.D.A. Andrea Jacobs challenging his 2005 conviction and sentence entered in the Criminal District Court, Tarrant County, in Fort Worth, Texas. *See* Pet. ECF No. 1. Petitioner is presently detained in Iowa Park, Texas, and has also filed an application to proceed *in forma pauperis*. *See* ECF No. 2, at ¶ 1 ("I'm currently incarcerated in the Texas prison. . . ."). Each of the Respondents are alleged to have deprived Petitioner of his constitutional rights during the state court criminal proceedings in Tarrant County, Texas. Pet., ECF No. 1 *in toto*. For the reasons that follow, this action is transferred to the United States District Court for the Northern District of Texas.

    Under the general venue provision:

> a civil action may be brought in - - (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, Petitioner seeks relief based on actions alleged to have occurred exclusively in Tarrant County, Texas. *See* Pet., *generally*. Tarrant County is within the Northern

District of Texas, Fort Worth Division. *See* 28 U.S.C. § 124(a)(2). Under 28 U.S.C. § 1391(b)(2), venue is therefore proper in the Northern District of Texas. Indeed, from the face of the Petition, it is clear that venue is not proper in this court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a case is filed in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, Petitioner's claims arose in Fort Worth, Texas, which is in the Forth Worth Division of the Northern District of Texas. *See* 28 U.S.C. § 124(a)(2). Accordingly, venue lies in the Northern District of Texas, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of Texas, 28 U.S.C. § 1406(a). *See* 28 U.S.C. § 1406(a) (stating that a district court may transfer a case filed in the wrong district "to any district . . . in which it could have been brought"); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."). The determination of Petitioner's motion to proceed *in forma pauperis* is reserved for the transferee court.

Accordingly, the Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1406(a). The Clerk of the Court is further directed to mail a copy of this Order to Petitioner and to mark this case closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal *in forma pauperis*, such status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: April 4, 2024
Central Islip, New York

_/s/ (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE